UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS (KANSAS CITY)

JOE CHARLES STUART JR.　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff(s),　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　Cause No. 2:16-cv-02260-JAR-JPO
ATCHISON COUNTY SHERIFF'S　　　)
OFFICE, et al.　　　　　　　　　)　JURY TRIAL DEMANDED
　　　　　　　　　　　　　　　　)
　　　　Defendant(s).　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)

## ANSWER OF ADVANCED CORRECTIONAL HEALTHCARE, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Advanced Correctional Healthcare, Inc., by and through the undersigned, and in Answer to the Plaintiff's Complaint, states as follows:

This Defendant denies each and every allegation contained in Plaintiff's initial paragraph of Plaintiff's Complaint.

1.　　This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies same.

2.　　This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies same.

3.　　This Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies same.

3538.48

4.      This Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

This Defendant denies the allegations contained in the last paragraph of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      This Defendant affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief can be granted against it and therefore this action must be dismissed.

2.      This Defendant states that the fault of all parties to the occurrence, whether or not parties of this action, must be compared in this action pursuant to Kansas Law.

3.      This Defendant states that any potential recovery against it should be reduced and/or limited by the Kansas statutes applicable to claims against healthcare providers.

4.      This Defendant states that Plaintiff's Complaint fails to state the nature of any items of special damages claimed, as required by Federal Rules of Civil Procedure. Therefore, Plaintiff's damages should be limited to those specifically pled.

5.      This Defendant states that any alleged injury sustained by Plaintiff was not the result of ACH's conduct, but rather the alleged injury or damage is a result of an intervening and superseding cause and/or was preexisting.

3538.48

6.     This Defendant states that it cannot be held vicariously liable for the actions of other providers.  See K.S.A. Section 40-3403(h).

7.     Plaintiff's claims must be barred for lack of subject matter jurisdiction as Plaintiff failed to comply with K.S.A. Section 12-105(b) in not giving this Defendant 120 days to respond to the claim before initially filing suit.

8.     Plaintiff failed to exhaust administrative remedies and Plaintiff's claims, or a portion of them, should be dismissed under K.S.A. 75-52, 138, K.A.R. 44-15-101-106 and/or 42 U.S.C. 1997e(a).

9.     This Defendant bears no liability for Plaintiff's Section 1983 claims to the extent it did not participate in any state action.

10.    This Defendant is entitled to qualified immunity from Plaintiff's Section 1983 claims as it exercised reasonable professional judgment.

11.    This Defendant does not bear any liability under Section 1983 for the actions of others under the doctrine of respondeat superior.

12.    To the extent that Plaintiff's Complaint attempts to state a cause of action, if any under state law, this Defendant asserts that it is protected from liability to the extent allowed under Kansas' public duty doctrine and/or Kansas' official immunity doctrine and/or sovereign immunity.

13.    That any and all acts or actions committed by this Defendant were discretionary in nature and taken in good faith, and this Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity to the extent applicable.

3538.48

14.     This Defendant acted with objective reasonableness under the circumstances then existing, and its conduct was justified and/or privileged.

15.     This Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. Section 1997(e)e.

16.     Plaintiff's claims are barred or his damages are reduced due to the comparative fault of others over whom this Defendant has no control or vicarious responsibility.

17.     Alternatively, the comparative fault of Plaintiff bars or reduces his recovery.

18.     This Defendant denies the allegations concerning the nature and extent of Plaintiff's damages.

19.     Plaintiff has failed to mitigate his damages.

20.     The applicable statutory caps for personal injury and government liability restrict what plaintiff may recover against this Defendant.

21.     To the extent Plaintiff's claim sounds in a civil rights violation allegation, this Defendant seeks reasonable associated attorneys fees and costs pursuant to 42 U.S.C. Section 1983 and 1988.

22.     This Defendant expressly reserves the affirmative defenses set out in K.S.A. 60-212(b)(1) through (b)(7), together with the right, pursuant to K.S.A. 60-215, to assert any and all other affirmative defenses disclosed during the course of discovery in the instant case, as well as all such defenses and denials which are provided or

contemplated by K. S. A. 60-208(b) and (c), K.S.A. 60-212(b), (c), K.S.A. 60-213(h) and K.S.A. 60-214, waiver and estoppel.

23.     This Defendant reserves the right to assert additional affirmative defenses, as the same may become known through the course of discovery or at the time of the Pre-Trial Order.

24.     This Defendant states that Plaintiff failed to join all parties under Federal Rule of Civil Procedure 19.

25.     This Defendant states that Plaintiff's Complaint is frivolous within the meaning of 28 USC § 1915(d) as Plaintiff has no reasonable likelihood of success on the merits.

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays that it be discharged from this action, that it receive its costs and expenses herein incurred and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW Defendant, ACH and hereby demands a jury trial on all issues so triable.

/s/ J. Thaddeus Eckenrode
J. Thaddeus Eckenrode KS Bar #78569
ECKENRODE-MAUPIN, Attorneys at Law
8000 Maryland Ave., Ste. 1300
St. Louis, MO 63105
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendant(s) Advanced*
*Correctional Healthcare, Inc.*

3538.48

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 5th day of May, 2016 to the following:

**Joe Charles Stuart Jr.**
0111742
Norton Correctional Facility
PO Box 527
Stockton, KS 67669
*Pro se Plaintiff*

and

via court's electronic filing system and electronic mail on this 5th day of May, 2016 to the following:

**Kelsey Nicole Frobisher**
Foulston Siefkin, LLP – Wichita
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466

**Toby Crouse**
**Wendell F. Cowan, Jr.**
Foulston Siefkin LLP – OP
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway
Overland Park, KS 66210-2000

3538.48